MILDRED R. JACKSON, complainant-respondent,

*v.*

RICHARD P. JACKSON, defendant-appellant.

[Submitted February 4th, 1947.   Decided May 15th, 1947.]

*Mr. Samuel Rosenthal,* for the complainant-respondent.

*Mr. John J. Clancy,* for the defendant-appellant.

The opinion of the court was delivered by

FREUND, J.

The appellant appeals from an amended and modified final decree entered in the Court of Chancery on June 4th, 1946, wherein the appellant was required to pay respondent the sum of $35 each week for the support and maintenance of respondent and the two infant children of their marriage.

On April 17th, 1945, a final decree was entered in the court below, wherein it was decreed that:

"so long as complainant and defendant live in the same house together and the defendant has his meals on the outside that the defendant do pay to the complainant   *   *   *   the

sum of $20 per week from and after the date of this Decree, without deductions to cover the cost of food and clothing for the complainant and the infant children of said marriage in her custody; that defendant do pay to the complainant in addition to the foregoing weekly sum of $20 any and all medical bills and other expenses besides food and clothing; that defendant do pay the amortization and interest on the mortgage, taxes and water rents, fire insurance, coal, gas, electric, telephone, &c."

The foregoing decree was entered in the belief that the appellant and the respondent, with their infant children, would reside in their home on DeGraw Avenue, in Newark, which is owned by the parties hereto. It was contemplated that the appellant would not have his meals with his family and that appellant would pay all the carrying charges of said premises in addition to the sum of $20 each week which was allowed for the food and clothing of the respondent and the two children. The affidavits reveal that, subsequent to the entry of the foregoing decree, the relations between appellant and respondent became intolerable. It is sufficient to say that the appellant pursued a course of abusive treatment upon his wife and children, making it necessary for respondent to leave their joint home and reside with her mother in Verona.

The respondent wife then filed a petition alleging that she could not continue under the terms of the final decree of April 17th, 1945, and prayed for an order modifying the final decree aforesaid, so "that the defendant pay a sufficient sum of money each week to cover the increased cost of maintaining petitioner and the infant children of said marriage." After the hearing on said petition, the court below on June 4th, 1946, entered an amended and modified decree, wherein it was decreed that the defendant "pay complainant * * * the sum of $35 per week from and after the date of this decree, as and for the support and maintenance of herself and the two infant children of said marriage in her custody * * *."

The appellant husband contends that the allowance of $35 each week provided for in the last mentioned decree is excessive, which prompts the present appeal.

The court below found that the appellant without any justifiable cause abandoned and separated himself from respondent and refused and neglected to maintain and provide for respondent and their infant children. The children, seven years and two years of age, respectively, are in the custody of their mother.

The appellant is employed by the City of Newark as a dairy inspector and receives a salary of $2,800 annually. By reason of his occupation, the appellant is required to make extended trips and the respondent urges that the moneys received by appellant while on these inspection trips are income, when actually the moneys so received are reimbursements for out-of-pocket expenses.

The respondent with her children now live with a sister in Camden, where respondent is able to earn $7 each day as a nurse. The appellant has offered to sell their home in Newark and share the proceeds with the respondent, but the respondent refuses to sell the real estate. The respondent states in her supporting affidavit that, when she returned from Camden to visit her home in Newark, the appellant had removed from their home a moving picture camera and about $800 worth of liquor which he had stored in the attic.

"It is the duty of the Court of Chancery, under the statute, to determine whether the amount already provided by the husband for his wife is such as the nature of the case and the circumstances of the parties render suitable and proper." *O'Brien* v. *O'Brien, 49 N. J. Eq. 436,* and cited with approval in *Dinnebeil* v. *Dinnebeil, 109 N. J. Eq. 594.* In *Walsh* v. *Walsh, 88 N. J. Eq. 368,* affirmed by the Court of Errors and Appeals (on *p. 369*), it was further held to be the duty of the court: "to carefully limit the order to the demands of necessity as discerned by the condition and station in life of complainant and the ability of defendant to pay."

The respondent, generally, is entitled to be supported and maintained on the basis of the standard of living established by the parties and found satisfactory while living together. We are not unmindful that the appellant must support himself, but certainly he must support his wife and infant children.

The cause will be remanded to the court below with directions that the amended and modified final decree of June 4th, 1946, be modified to require the appellant to pay to his wife, the respondent, the sum of $30 each week for the support and maintenance of respondent and their two children.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ.    14.